UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKAN KIP KENNEDY,<br><br>    Plaintiff,<br><br>    v.<br><br>COLUMBUS MANUFACTURING, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-03379-EMC<br><br>**ORDER PARTIES' JOINT LETTER BRIEF RE DISCOVERY DISPUTE**<br><br>Docket No. 55 |

The parties have submitted a joint letter regarding a discovery dispute. Docket No. 55. Plaintiff Hakan Kip Kennedy seeks materials beyond that produced by Defendants Columbus Manufacturing, Inc., and Andrea Wilson in response to Mr. Kennedy's request for production of documents and interrogatories. Defendants object that Mr. Kennedy's requests exceed the bounds of Phase One of discovery, which is limited to materials pertaining to the validity or enforceability of a severance agreement between Mr. Kennedy and Defendants. For example, Defendants object to the request for communications between Columbus Manufacturing employees.

Mr. Kennedy has expressed his intent to argue for the rescission of the severance agreement on theories of duress and undue influence. "Under California law, economic duress can serve as a basis for invaliding a release or waiver." *Johnson v. Int'l Bus. Machs.*, 891 F. Supp. 522, 528 (N.D. Cal. 1995) (quoting *U.S. for Use and Benefit of Reed v. Callahan*, 885 F.2d 1180, 1184 (9th Cir. 1989)). The defendant's knowledge of the plaintiff's "economic exigencies" is an element of economic duress. *Id.* at 530. Accordingly, Columbus Manufacturing's internal communications and records demonstrating knowledge of Mr. Kennedy's economic exigencies are relevant to Mr. Kennedy's claims and discoverable under Rule 26 of the Federal Rules of Procedure. Defendants shall therefore **PRODUCE** materials requested by: Request for Production

of Documents, Nos. 1, 2, 8, 9, 10; Interrogatory Set 1, Nos. 3, 6, 10; and Interrogatories Set 2, No. 6.  Production shall be limited to materials tending to demonstrate Defendants' knowledge of Mr. Kennedy's economic status during negotiations regarding the severance agreement.

Mr. Kennedy's other requests are **DENIED** as irrelevant to the validity and enforceability of the severance agreement.  Mr. Kennedy might make some of these requests in Phase Two, if his suit reaches that stage.

This order disposes of Docket No. 55.

**IT IS SO ORDERED**.

Dated: January 26, 2018

_____
EDWARD M. CHEN
United States District Judge